## UNITED STATES of America,
### Plaintiff–Appellant,

v.

## Rodolfo MARMOLEJO–GUTIERREZ,
### Defendant–Appellee.

No. 02–50126.

D.C. No. CR–01–00655–DDP–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted on Dec. 5, 2002.

Decided March 11, 2003.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM**

Rodolfo Marmolejo–Gutierrez pled guilty in 1995 to assault and was sentenced to three years' imprisonment. He had previously pleaded guilty to vehicular manslaughter, a conviction not relevant to this appeal. At the time of his 1995 plea, assault was classified as an aggravated felony but, because the sentence was less than five years, under the immigration laws as they then stood Marmolejo–Gutierrez was not subject to deportation.

In 1997, while serving his sentence, Marmolejo–Gutierrez was placed in deportation proceedings on account of his 1995 conviction. The immigration judge ("IJ") failed to inform him of his eligibility for discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act.[1] Marmolejo–Gutierrez was deported. He returned to the United States, was arrested in 2001, and was indicted for illegal reentry in violation of 8 U.S.C. § 1326. He moved to dismiss the indictment on the ground that his prior deportation was unlawful in that the IJ failed to advise him of his eligibility for § 212(c) relief. The district court granted the motion and the government now appeals.

In 1996, Congress adopted the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") which in § 440(d) identified the set of offenses for which convictions would preclude relief under § 212(c). See Pub. L. No. 104–132, § 440(d), 110 Stat. 1214, 1277 (1996) (amending 8 U.S.C. § 1182(c)). This enactment foreclosed § 212(c) relief prospectively for all persons convicted of aggravated felonies.

Also in 1996, Congress adopted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). That act contained two provisions relevant to this appeal. First, it repealed § 212(c) and replaced it with a procedure under which persons who had been convicted of an aggravated felony were ineligible for relief from removal (formerly deportation). See IIRIRA, Pub. L. No. 104–208 Division C, § 304(b), 110 Stat. 3009–546, 3009–597 (1996) (repealing § 212(c)); see id. § 340(a)(3), 110 Stat. 3009–594, codified at 8 U.S.C. § 1229b(a)(3) (2001) (prohibiting cancellation of removal for persons convicted of aggravated felonies). Second, it expanded the definition of "aggravated felony" by reducing the prison sentence required to trigger aggravated felony status from five years to one year. See IIRIRA § 321(a)(3), 110 Stat. 3009–627, codified at 8 U.S.C. § 1101(a)(43)(F) (2001). If applied to Marmolejo–Gutierrez's 1995 conviction, the act would make it a deportable offense.

In *INS v. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that " § 212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Section 212(c), codified at 8 U.S.C. § 1182(c)(1985) stated: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General ..." Section 212(c) had been interpreted by the Board of Immigration Appeals to authorize any permanent resident alien to apply for discretionary waiver from deportation. In 1990, Congress amended § 212(c) to preclude discretionary relief for anyone convicted of an aggravated felony who had served a term of imprisonment of at least five years. Pub. L. No. 101–649, § 511, 104 Stat. 4978, 5052 (1990) (amending 8 U.S.C. § 1182(c)).

law then in effect." *Id.* at 326. Because St. Cyr pleaded guilty to a deportable offense at a time when § 212(c) was available, relief remained available to him notwithstanding the repeal of that section. *Id.*

Marmolejo–Gutierrez's case differs from St. Cyr's. Although IIRIRA later converted his 1995 conviction into a deportable offense, at the time of his guilty plea, "under the law then in effect," Marmolejo–Gutierrez's offense was not deportable. Having pled to a nondeportable offense, he would not have been eligible for § 212 relief. The considerations underlying the *St. Cyr* decision are therefore not present. Marmolejo–Gutierrez cannot be said to have been "acutely aware of the immigration consequences" of his conviction and to have "relied upon" the likelihood of receiving § 212(c) relief. *Id.* at 322, 325. Thus, in his case, the statute did not "take[ ] away or impair[ ] vested rights acquired under existing laws ... or attach[ ] a new disability, in respect to transactions ... already past." *Id.* at 321 (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 269, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (internal quotation marks omitted)).

Our analysis is informed by our recent decision in *United States v. Velasco–Medina*, 305 F.3d 839 (9th Cir.2002), where we explained:

> Velasco–Medina was never eligible for discretionary relief under § 212(c) because his guilty plea did not render him deportable; unlike St. Cyr, he never possessed "vested rights acquired under existing laws." Thus, Velasco–Medina could not have developed the sort of

settled expectations concerning § 212(c) relief that informed St. Cyr's plea bargain and that animated the *St. Cyr* decision.

*Id.* at 849.[2] Similarly, because the assault was a nondeportable offense in 1995 when Marmolejo–Gutierrez pled guilty, he did not have a vested right to discretionary relief under § 212(c). We therefore conclude that the IJ did not err when he failed to inform Marmolejo–Gutierrez of § 212(c) relief and dismissal of the indictment was error.

REVERSED and REMANDED.

---

2. Because Velasco–Medina (unlike Marmolejo–Gutierrez) entered his plea after enactment of AEDPA (but before IIRIRA), and AEDPA foreclosed § 212(c) relief for persons convicted of aggravated felonies, the court noted that Velasco–Medina would have realized that if his conviction were recharacterized as an ag-

gravated felony (as it was under IIRIRA), he would have been ineligible for relief under AEDPA. *Id.* at 850. This additional ground for denying relief to Velasco–Medina does not apply to Marmolejo–Gutierrez.

